IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| DONTE GREEN | § | |
| v. | § | CIVIL ACTION NO. 9:04cv112 |
| TDCJ, ET AL. | § | |

MEMORANDUM ADOPTING INITIAL REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Donte Green filed this lawsuit complaining of alleged deprivations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Green sued the Operational Director of TDCJ-CID (listed on the docket sheet simply as TDCJ-CID), Warden Stacks, and an officer named Russell Drake. The Magistrate Judge held an evidentiary hearing to allow Green to testify about the basis of his claims. Green testified concerning an incident in which Drake used force on him, and the Magistrate Judge concluded that this claim required further judicial proceedings.

Green also testified that he sued Warden Stacks and the Operational Director because of their positions of authority. He specifically stated that neither of these persons were involved in the facts forming the basis of his lawsuit.

On May 10, 2005, the Magistrate Judge issued a Report recommending that Green's claims against Warden Stacks and the Operational Director be dismissed. The Magistrate Judge noted that Green had testified that neither Stacks nor the Operational Director was personally involved in the incidents and concluded that Green was suing these individuals under the doctrine of *respondeat superior*, which is not generally applicable in Section 1983 claims. *See* Williams v.

Luna, 909 F.2d 121 (5th Cir. 1990). The Magistrate Judge also concluded that to the extent that Green sued TDCJ-CID itself, his claim lacked merit under the doctrine of sovereign immunity.

Green filed objections to the Magistrate Judge's Report on June 2, 2005. In his objections, Green asserts that at the hearing, the Magistrate Judge only considered his original complaint, and not his amended complaint. He says that in his amended complaint, he alleged that at the Eastham Unit, there is an "ongoing failure" to enforce the policies of TDCJ-CID, that the officers believe that they can do whatever they want because nothing will happen to them, and that inmates are told by disciplinary hearing officers that they will be found guilty at hearings. He said that officers tell inmates that they, the officers, run the prison, not the federal courts. Green says in his objections that Warden Stacks knows about all this but allows it to continue, and is therefore liable under a theory of failure to train. He acknowledges that he said nothing about this theory when directly asked why he was suing Stacks, but reiterates that he thought that he was only being asked about his original complaint, and not the amended complaint, and that he thought the judge would then ask about the amended complaint separately. A review of Green's amended complaint shows that it contains the single line that Warden Stacks is being sued for his failure to train and supervise his subordinates.

The Fifth Circuit has held that issues raised for the first time in objections to the Report of the Magistrate Judge are not properly before the District Court. Finley v. Johnson, 243 F.3d 215, 218 n.3 (5th Cir. 2001), *citing* United States v. Armstrong, 951 F.2d 626, 630 (5th Cir. 1992); Cupit v. Whitley, 28 F.3d 532, 535 n.5 (5th Cir. 1994). Green was asked at the Spears hearing about his claim regarding Warden Stacks, and replied that Stacks was being sued because he was a supervisor, and that Stacks was not personally involved. The Magistrate Judge's Report was correct.

To the extent that Green has raised a failure-to-train claim, this claim is without merit. The Fifth Circuit has held that in a case involving failure to train or supervise, the Plaintiff must show (1) an actual failure to train or supervise, (2) a causal connection between this failure and the

violation of his rights, and (3) that the failure amounted to gross negligence or deliberate indifference. Doe v. Taylor Independent School District, 15 F.3d 443, 452-53 (5th Cir. 1994); Hinshaw v. Doffer, 785 F.2d 1260, 1263 (5th Cir. 1986); *see also* Collins v. City of Harker Heights, Texas, 112 S.Ct. 1061, 1069 (1992). In this case, Green complains of the attitude of officers at the Eastham Unit, but fails to show that these officers received inadequate training or supervision. Nor has he shown that any such failure to train or supervise led to the alleged assault upon him by Officer Drake. Green's speculations and amorphous allegations about unnamed individuals are not sufficient to show a failure to train or supervise on the part of Warden Stacks. *See generally* Baker v. Putnal, 75 F.3d 190, 195 (5th Cir. 1996) (Section 1983 actions against individual governmental officials require "claims of specific conduct and action giving rise to a constitutional violation," not merely conclusory assertions); Brinkmann v. Johnston, 793 F.2d 111, 113 (5th Cir. 1986). His objections are without merit.

The Court has conducted a careful *de novo* review of the Plaintiff's pleadings and testimony, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Report of the Magistrate Judge is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's claims against Warden Stacks, the Operational Director of TDCJ-CID, and TDCJ-CID are hereby DISMISSED as frivolous and that Warden Stacks, the Operational Director of TDCJ-CID, and TDCJ-CID be and hereby are DISMISSED as parties to this lawsuit. This dismissal shall have no effect upon the Plaintiff's claims against Officer Drake. It is further

ORDERED that the dismissal of these claims and parties shall not count as a strike for purposes of 42 U.S.C. §1915(g).

So **ORDERED** and **SIGNED** this **12** day of **July, 2005.**

_____
Ron Clark, United States District Judge