IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

DONTE RAMONE GREEN                     §

v.                                     §        CIVIL ACTION NO. 9:04cv112

TDCJ-CID, ET AL.                       §

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Donte Green, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C.

§1983 complaining of alleged violations of his constitutional rights.  This Court ordered that the

matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3)

and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United

States Magistrate Judges.

Green complained of a use of force incident which he said took place on March 8, 2004.  He

said that Officer Russell Drake used unjustified force on him and then claimed that Green had tried

to strike him, which was not true, He said that he suffered a strained muscle in his back as a result

of the incident.

An evidentiary hearing was conducted on May 5, 2005.  Following this hearing, the

Defendants Warden Stacks, the Operational Director for TDCJ-CID, and TDCJ-CID itself were

dismissed from the lawsuit, and Officer Drake was ordered to answer, which was done.  Drake also

filed a notice of disclosure on July 15, 2005.

On October 20, 2005, Drake filed a motion for summary judgment.  This motion for

summary judgment argued that Green did not suffer an injury or that he had at most a *de minimis*

injury, and so the claim was not one of constitutional dimensions.  Drake also asserted Eleventh

Amendment immunity against claims in his official capacity and qualified immunity against claims

in his individual capacity.  Green filed two motions seeking an extension of time in which to respond to the motion for summary judgment, but no response was filed.

On March 13, 2006, the Magistrate Judge issued a Report recommending that Drake's motion for summary judgment be granted.  The Magistrate Judge noted that numerous records were attached to the motion for summary judgment.  The first of these is a use of force injury report for Green, which showed the result of an examination by Nurse Nadya Powers.  This report showed that Green was not injured in the use of force and did not complain of any injuries.   The second record is a pre-segregation or lockup physical exam, which showed that Green had no lacerations, contusions or bruises, his breath sounds were clear, his skin turgor was good, he had no swelling or chest pain, and he had normal range of motion in his upper and lower extremities.

The third record shows that Green was seen again by Nurse Powers at 11:57 a.m. on March 9.  This exam found no visible injuries or respiratory distress, and noted that Green denied any injuries.  Nurse Powers concluded that there were no adverse health effects from the use of force and had Green released to security.

Three weeks after the use of force, on March 29, 2004, Green's medical records show that he was complaining of sinus drainage and back spasms.  An exam by a nurse named Latham showed that his throat was not red but that he did have sinus drainage at the back of his throat as well as nasal congestion; she also found that the left side of his back was "tight."

On April 9, 2004, Green complained of back pain, which was diagnosed as being secondary to a history of fibromyalgia.  An examination revealed paraspinal muscle pain and rigidity, but no deformities, and he was given medication.  Two months later, on June 10, 2004, he again complained that his back was hurting, and the nurse noted that he had previously been seen for this complaint and advised him to continue taking his medication.

On June 24, 2004, the records show that Green filed a sick call request complaining that his back was locking up "at times"; he said that he had reinjured his back but made no mention of the use of force incident.  He saw a nurse practitioner on July 12 with a complaint of back pain "for the

past three months," or back to April of 2004.  An X-ray of his lumbar spine and right hip were taken and proved normal.  Lloyd Aschberger, a physician's assistant who reviewed Green's medical records, provided an affidavit saying that he found no relationship between the altercation with Drake and Green's subsequent complaints of back pain; Aschberger noted that Green denied any injuries on the day of the incident and the day after the incident, and that the X-rays taken of his back and hip were normal.

After reviewing the standards applicable to motions for summary judgment, the Magistrate Judge stated the law concerning use of force claims.  Under the standards set out by the Supreme Court, inmates raising allegations of excessive force must show that the force used was malicious and sadistic for the very purpose of causing harm rather than in a good faith effort to restore discipline; the Court also noted that the Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort "repugnant to the conscience of mankind."  Hudson v. McMillian, 112 S.Ct. 995, 999 (1992).

The Magistrate Judge observed that in accordance with the Supreme Court's decision, the Fifth Circuit has identified five factors which should be considered in determining whether an unnecessary and wanton infliction of pain was done in violation of an inmate's right to be free from cruel and unusual punishment.  These factors are: (1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response.  Baldwin v. Stalder, 137 F.3d 836, 839 (5th Cir. 1998).  The Magistrate Judge further hat not every push or shove, even if it may seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.  Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir.), *cert. denied sub nom.* John v. Johnson, 414 U.S. 1033 (1973) (cited with approval in Hudson, 112 S.Ct. at 1000).

With reference to the first such factor, which is the extent of the injury suffered, the Magistrate Judge said that the Fifth Circuit has expressly held in Eighth Amendment cases involving claims of excessive force that the claimant must show injuries that are more than *de minimis*, even if not "significant, serious, or more than minor." Gomez v. Chandler, 163 F.3d 921 (5th Cir. 1999); *accord*, Hudson v. McMillian, 503 U.S. 1, 7, 112 S.Ct. 995, 999 (1992) ("The Eighth Amendment's prohibition of cruel and unusual punishment **necessarily excludes** from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind'") (emphasis added). *See also* Jackson v. Culbertson, 984 F.2d 699 (5th Cir. 1993).

The Magistrate Judge then looked to examples of Fifth Circuit decisions interpreting this area of the law.  In Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997), the plaintiff suffered a sore, bruised ear which lasted for three days and did not require medical attention, an injury which was held to be *de minimis*.  In Gomez v. Chandler, by contrast, the plaintiff suffered cuts, scrapes, and contusions to the face, head, and body as a result of being knocked down, repeatedly punched in the face, and kicked in the head. Medical treatment was required for these injuries. The Fifth Circuit held that these injuries were not *de minimis*.

In Jackson v. Culbertson, an inmate inside his cell was sprayed with a fire extinguisher, but suffered no injuries.  The Fifth Circuit stated that because Jackson suffered no injuries, the spraying was a *de minimis* use of force; it also was not repugnant to the conscience of mankind.  The Fifth Circuit therefore concluded that the lawsuit was frivolous.

In Young v. Saint, et al., slip op. no. 92-8420 (5th Cir., March 31, 1993) (unpublished), an inmate was hit on the hand with a metal spatula, resulting in two scratches requiring antibiotic ointment and a bandage, and a slight decrease in flexion and extension of the inmate's fingers; the Fifth Circuit held that this injury was de minimis and that the use of force was not repugnant to the conscience of mankind.  In Potts v. Hill, slip op. no. 98-50214 (5th Cir., May 25, 1999) (unpublished), the inmate was hit in the mouth during an altercation with a guard, causing a non-

bleeding cut and making his mouth too sore to wear dentures for three weeks; the Fifth Circuit held that this injury was *de minimis* and upheld a grant of summary judgment for the guard.

By contrast, in Edwards v. Stewart, 37 Fed.Appx. 90 (5th Cir., May 10, 2002) (not published in the Federal Reporter), the plaintiff suffered cuts to his fingers and thumb, headaches, neck pain, and lacerations to the ear as a result of being sprayed with pepper spray, repeatedly hit with the gas canister, and then being kicked several times in the neck, head, and chest. Medical treatment was required for these injuries as well.  The Fifth Circuit held that  Edwards' injuries were more than *de minimis*.

Turning to Green's case, the Magistrate Judge concluded that the medical records show that Green did not suffer any injuries attributable to the incident forming the basis of the lawsuit.  He was examined by medical personnel shortly after the incident took place and no injuries were found, nor did he complain of any.  He was seen again the next day, and again no injuries were found, nor did he complain of any.  It was not until three weeks after the incident that Green complained of back problems, and his sick call request made no mention of the use of force incident.

The Fifth Circuit has held that where the objective factors of an inmate's medical records show no evidence of any injuries consistent with the inmate's allegations, the Court may conclude that the allegations are implausible.  Wilburn v. Shane, et al., slip op. no. 98-21077 (5th Cir., August 20, 1999) (unpublished), *citing* Wesson v. Oglesby, 910 F.2d 278, 281-82 (5th Cir. 1990).  In this case, Green's Step Two grievance says that at the time of his physical, he was not in pain because he had not yet gone to sleep, but that the next day, when he woke up, he was experiencing "severe muscle spasms and back pain."  However, as the Magistrate Judge says, the medical records show that Green was seen twice on the day after the incident, once at 8:15 a.m. and again at 11:57 a.m., and both times he did not complain of any injuries and no injuries were noted.  The second of these exams found no swelling or chest pain, normal range of motion in the upper and lower extremities, and no contusions, lacerations, or bruises.  The Magistrate Judge said that these  findings are "plainly

inconsistent" with Green's allegations that he was suffering from severe muscle spasms and back pain.

This Step Two grievance was written on April 8, 2004, at a time when medical records show that Green was complaining of back problems. However, the Magistrate Judge observed, the medical records contain no indication that these problems were caused by the use of force; as noted above, the incident occurred on March 8, 2004, but Green's first complaint of back problems thereafter came on March 29, 2004, three weeks later. Nothing in the medical records contain any hint that the problems which Green was experiencing at the end of March were the result of an incident which had occurred three weeks earlier, for which three examinations in two days had concluded that no injuries were sustained. The courts have held that when an inmate alleges a serious medical need either for treatment or to avoid certain conditions, the inmate's bare assertion of a serious medical condition is insufficient without medical evidence verifying that the condition exists. Aswegan v. Henry, 49 F.3d 461, 465 (8th Cir. 1995); *accord*, Kayser v. Caspari, 16 F.3d 280, 281 (8th Cir. 1994) (prisoner's self-diagnosis alone will not support a medical conclusion).

The Fifth Circuit has held that a party opposing a motion for summary judgment cannot establish a genuine issue of material fact simply by resting on the mere allegations of the pleadings. Hulsey v. State of Texas, 929 F.2d 168, 170 (5th Cir. 1991). Furthermore, once the party moving for summary judgment has met its burden, the nonmovant must direct the court's attention to admissible evidence in the record which demonstrates that it can satisfy a fair-minded jury that it is entitled to a verdict in its favor. ContiCommodity Services, Inc. v. Ragan, 63 F.3d at 441.

In this case, the Magistrate Judge said, the Defendant has presented a properly supported motion for summary judgment stating that Green has not set forth a constitutional claim. The support for this motion includes competent summary judgment evidence in the form of medical records showing that Green did not have any observable injuries when seen on the day of the incident and then twice on the day after the incident. The first indication of the injuries upon which Green relies came three weeks after the incident had occurred. Even when viewed in the light most

favorable to the non-movant, the competent summary judgment evidence shows that Green did not suffer any injuries, or no more than *de minimis* injuries, as a result of the incident forming the basis of the lawsuit. *Cf.* Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995) (medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference to serious medical needs).

As a result, the Magistrate Judge concluded, there was no occasion to consider the remaining Hudson factors, because the Supreme Court has held that the Eighth Amendment's prohibition of cruel and unusual punishment **necessarily excludes** from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind'" (emphasis added). Hudson v. McMillian, 503 U.S. at 7, 112 S.Ct. at 999; *accord*, Glenn v. City of Tyler, 242 F.3d 307, 314 (5th Cir. 2001); Jackson, 984 F.2d at 700.  Because Green suffered no injuries in this case, or injuries which were no more than *de minimis*, the Magistrate Judge recommended that the Defendant's motion for summary judgment be granted.

Green filed objections to the Magistrate Judge's Report on April 6, 2006.  In these objections, Green notes that in the second order granting him an extension of time to respond to the motion for summary judgment, the Magistrate Judge also directed that the Defendant disclose all medical records which had not previously been disclosed.  He complains that the Defendant has never complied with the Court's order to furnish him copies of his medical records, and that he cannot respond to the motion for summary judgment without them.

However, later in his objections, Green concedes that he received disclosure from the Defendants and that this disclosure included his medical records.  Green cites in his objections to a document which is found "on page 55 of the Medical Records section of the Disclosure from the Defendant."  The Defendant, in responding to Green's objection, says that he effected disclosure in July of 2005, including 122 pages of medical records.  Green obviously received this disclosure, inasmuch as he cited from page 55 of these records.  Hence, the Defendants did comply with the Court's order; the order in February of 2006 directed disclosure of all medical records not previously

disclosed which were subject to disclosure, but the records had already been disclosed.  To the extent that Green complains about a failure to disclose records, his objections are without merit.

Next, Green complains that his medical records have been "falsified" because the nurse did not examine him on March 9, 2004, but only took his vital signs, and this did not take place at 11:57 a.m.[1]  Green says that he refused a physical exam on March 8 because he was afraid that he would be assaulted again, so he was taken the next day.  He says that he was scheduled to see Dr. Williams on the morning of March 9, but that Nurse Powers canceled the appointment, and he never received a lay-in for another one; consequently, Green says, he submitted a sick call request which was processed on March 26.

Even if the medical records erroneously show that Green was seen by Nurse Powers around noon on March 9, however, this does not address the real issue in the case, which is that Green did not sustain an injury which was more than *de minimis* in the altercation forming the basis of the lawsuit.  Even his objections do not assert that he suffered any constitutionally cognizable injury; he says that his medical records are not complete, that the records which exist have been falsified, that he got no sleep on March 8 because he was upset, and that he was falsely accused of striking an officer.  Green has failed to overcome the showing in the Defendant's motion for summary judgment that he suffered no constitutionally cognizable injury as a result of the incident forming the basis of the lawsuit in this case, and so his objections to the Magistrate Judge's Report are without merit.

The Court has conducted a careful *de novo* review of the Plaintiff's complaint and testimony, the motion for summary judgment, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other pleadings, documents, and records in this case.  Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit.  It is accordingly

---

[1]The Fifth Circuit has held that conclusory allegations that medical records have been "falsified" are insufficient to defeat a motion for summary judgment. Knighten v. Ott, 69 Fed.Appx. 657 (5th Cir., May 21, 2003) (not selected for publication in the Federal Reporter), *citing* Michaels v. Avitech, Inc., 202 F.3d 746, 745-55 (5th Cir. 2000). Green's conclusory assertion that the medical record has been falsified is similarly unavailing.

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the Defendant's motion for summary judgment is GRANTED and that the above-styled civil action be and hereby is DISMISSED with prejudice.  It is further

ORDERED that any and all motions which may be pending in this lawsuit are hereby DENIED.

So **ORDERED** and **SIGNED** this **23** day of **May, 2006.**

_____

Ron Clark, United States District Judge